UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES BECOAT,<br><br>                                        Plaintiff,<br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>                                      Defendants. | Case No. 2:15-cv-02144-JCM-PAL<br><br>**ORDER**<br><br>(Initiating Docs. – Dkt. #1) |

      This matter is before the Court on Plaintiff Charles Becoat's Initiating Documents (Dkt. #1), filed November 9, 2015. This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9 of the Local Rules of Practice.

      Mr. Becoat is a prisoner in the custody of the Nevada Department of Corrections and is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. He submitted a Complaint (Dkt. #1) which the clerk filed as an initiating document, but did not pay the $400 standard filing fee or submit an application to proceed *in forma pauperis* ("IFP"), meaning without prepaying the full filing fee. In order to proceed in an action without prepaying the filing fee, LSR 1-1 of the Local Rules of Practice and 28 U.S.C. § 1915 provide that a litigant must submit the Court's form IFP application. Additionally, LSR 1-2 and § 1915 specifically require three items be submitted to this Court with a prisoner's IFP application: (1) a financial certificate signed by an authorized officer of the institution in which he or she is incarcerated, (2) a copy of his or her inmate trust account statement for the six-month period prior to filing, and (3) a signed financial affidavit showing an inability to prepay fees and costs or give security for them.

1

In general, when a district court grants a prisoner IFP status, federal law states that "the prisoner shall be required to pay the full amount of the filing fee." 28 U.S.C. § 1915(b)(1).[1] Prisoners must pay an initial partial filing fee of the greater of twenty percent (20%) of the average monthly deposits or twenty percent (20%) of the average monthly balance of his account for the six months immediately preceding the start of this action. *See* 28 U.S.C. § 1915(b)(1). After the initial partial filing fee is paid, the facility having custody of the prisoner will forward payments from the prisoner's account each month. *See* 28 U.S.C. § 1915(b)(2). Monthly payments from an inmate's account will continue until the $350 balance is paid, even if the action is dismissed.

If Mr. Becoat wants the court to consider his complaint, he must prepay the filing fee or submit an IFP application along with the documents identified above. However, Mr. Becoat is advised that even if he does, the court must still screen his complaint to determine if it states a valid claim for relief. *See* 28 U.S.C. § 1915A ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a governmental entity").

Mr. Becoat's complaint attempts to state a claim against the Las Vegas Metropolitan Police Department and one of its officers, Detective Michael Kitchen, for violating his civil rights by fabricating an arrest warrant against him. From the Complaint it appears Mr. Becoat is claiming that he was arrested for attempted murder and locked up in the Clark County Detention Center and state prison based on Detective Kitchen's fabricated warrant. This suggests he was convicted of a felony offense arising out of the warrant and arrest.

If Mr. Becoat is challenging the fact of his arrest and subsequent incarceration that resulted in a conviction or sentence, his civil rights claim is barred. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Federal district courts do not have appellate jurisdiction over a state court,

---

[1] Pursuant to the Court's Schedule of Fees dated January 1, 2015, the administrative fee of $50.00 does not apply to persons granted IFP status under 28 U.S.C. § 1915. Thus, if Mr. Becoat requests and receives IFP status, he will be required to pay a filing fee of $350 in monthly instalments.

2

whether by direct appeal, mandamus, or otherwise. *See, e.g.*, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). When a state prisoner files a civil rights action, the court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487; *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Mr. Becoat alleges that he is still in custody of the Nevada Department of Corrections and would like to be released from prison if he succeeds in this action. Because it does not appear that Plaintiff's conviction has been reversed on direct appeal, expunged by executive order, or declared invalid, the Complaint does not state a claim upon which relief can be granted.

Accordingly,

**IT IS ORDERED:**

1. The Clerk of Court shall retain Plaintiff Charles Becoat's Complaint (Dkt. #1) and mail him a blank form Application to Proceed *in Forma Pauperis* with instructions.

2. Plaintiff shall have until **December 30, 2015**, to file the Application to Proceed *in Forma Pauperis*, accompanied by a signed and executed financial certificate, a signed and executed financial affidavit, and a statement of his inmate trust account.

3. Alternatively, Plaintiff shall pay the filing fee of four hundred dollars ($400.00), accompanied by a copy of this Order, on or before **December 30, 2015**.

4. Plaintiff's failure to comply with this Order by (a) submitting an Application to Proceed *In Forma Pauperis*, or (b) paying the filing fee before the **December 30, 2015** deadline will result in a recommendation to the District Judge that this case be dismissed without prejudice so that Plaintiff may renew it in the event he succeeds in invalidating his conviction.

Dated this 30th day of November, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE