UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES BECOAT,<br><br>                                   Plaintiff,<br>v.<br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>                                   Defendants. | Case No. 2:15-cv-02144-JCM-PAL<br><br>**ORDER**<br>**– AND –**<br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(IFP App. – ECF No. 4; Mot. for Waiver of Filing Fee – ECF No. 5) |

This matter is before the court on Plaintiff Charles Becoat's Application to Proceed *In Forma Pauperis* (ECF No. 4), Motion for Waiver of Filing Fee (ECF No. 5), and Motion to Vacate Dismissals (ECF No. 6). These filings are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-7 of the Local Rules of Practice.

Mr. Becoat is a prisoner in the custody of the Nevada Department of Corrections and he is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. On November 9, 2015, he submitted a Complaint (ECF No. 1), which the clerk filed as an initiating document, but he did not pay the $400 standard filing fee or submit an application to proceed *in forma pauperis* ("IFP"), meaning without prepaying the full filing fee. In order to proceed in an action without prepaying the filing fee, LSR 1-1 of the Local Rules of Practice and 28 U.S.C. § 1915 provide that a litigant must submit the court's form IFP application. Additionally, LSR 1-2 and § 1915 specifically require three items be submitted to this court with a prisoner's IFP application: (1) a financial certificate signed by an authorized officer of the institution in which he or she is incarcerated, (2) a copy of his or her inmate trust account statement for the six-month period prior to filing, and (3) a signed financial affidavit showing an inability to prepay fees and costs or give security for them.

1

On November 30, 2015, the court issued an Order (ECF No. 2) explaining to Plaintiff that if he wants the court to consider his complaint, he must prepay the filing fee or submit an IFP application along with the documents identified above. However, Mr. Becoat was advised that even if he did, the court must still screen his complaint to determine if it states a valid claim for relief. *See* 28 U.S.C. § 1915A.

Mr. Becoat's complaint attempts to state a claim against the Las Vegas Metropolitan Police Department and one of its officers, Detective Michael Kitchen, for violating his civil rights by fabricating an arrest warrant against him in September 2013. From the complaint it appears Mr. Becoat is claiming that he was arrested for attempted murder and locked up in the Clark County Detention Center and state prison based on Detective Kitchen's fabricated warrant. This suggests he was convicted of a felony offense arising out of the warrant and arrest.

The Order (ECF No. 2) informed Mr. Becoat that if he is challenging the fact of his arrest and subsequent incarceration that resulted in a conviction or sentence, his civil rights claim is barred. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Federal district courts do not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *See, e.g.*, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). When a state prisoner files a civil rights action, the court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487; *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Mr. Becoat alleges that he is still in custody of the Nevada Department of Corrections and would like to be released from prison if he succeeds in this action. Because it does not appear that his conviction was reversed on direct appeal, expunged by executive order, or declared invalid, the Order (ECF No. 2) noted that Mr. Becoat's complaint does not state a claim upon which relief can be granted.

The Order (ECF No. 2) gave Mr. Becoat until December 30, 2015, to file an IFP application accompanied by a signed and executed financial certificate, a signed and executed financial affidavit, and a statement of his inmate trust account. Alternatively, the court informed

1  him that he could pay the $400 filing fee on or before December 30, 2015.  Mr. Becoat was
2  warned that his failure to comply with the Order by (a) submitting a completed IFP application,
3  or (b) paying the filing fee before the deadline would result in a recommendation to the district
4  judge that this case be dismissed.

5  On December 22, 2015, he submitted an incomplete IFP Application (ECF No. 4).  The
6  court could not determine whether Mr. Becoat qualified to proceed because the application failed
7  to include the required financial certificate or a copy of his inmate trust account statement.  He
8  also filed a Motion for Waiver of Filing Fee (ECF No. 5), which stated that it may be three to
9  four weeks before the completed financial certificate and inmate account statement would be
10 returned from prison officials.  Mr. Becoat stated that he would submit those documents upon
11 receipt.  Months later, on April 12, 2016, he filed a Motion to Vacate Dismissals (ECF No. 6),
12 which states he believes his complaint was dismissed for failure to submit the required financial
13 certificates. However, this case was not dismissed.  The motion claims he "did send the required
14 information to your office" that he received from accounting after waiting for monthsTo date,
15 Mr. Becoat has not submitted the required financial certificate or a copy of his inmate trust
16 account statement, requested an extension of time, or taken any other action to prosecute this
17 case.

18 Accordingly,

19 **IT IS ORDERED:** Plaintiff Charles Becoat's Motion for Waiver of Filing Fee (ECF
20 No. 5) and Motion to Vacate Dismissals (ECF No. 6) are DENIED.

21 **IT IS RECOMMENDED:**
22 1. Plaintiff Charles Becoat's Application to Proceed *In Forma Pauperis* (ECF No. 4) be
23    DENIED and this action be DISMISSED without prejudice to the Plaintiff's ability to
24    commence a new action in which he either pays the appropriate filing fee in full or
25    submits a completed application to proceed *in forma pauperis*.
26 / / /
27 / / /
28 / / /

3

2. The Clerk of the Court be instructed to close this case and enter judgment accordingly.

Dated this 29th day of August, 2016.

                                                            PEGGY A. LEEN
                                                            UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. Pro. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. Pro. 72.